17-3890-cv
*Treistman v. Greene*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand eighteen.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BEN GARY TREISTMAN, and as a Parent and Next Friend for, AT as coplaintiff A Minor,
> *Plaintiff-Appellant,*

A.T., a minor,
> *Plaintiff,*

> > v. 17-3890-cv

AMY GREENE, personal and official capacity,
KELLY WHITTAKER, personal and official capacity,
DENISE WOLTMAN, personal and official capacity,

MARY ELLEN SCHNEIDER, personal and official capacity, JOSEPH BENNETT, personal and official capacity, CHARLENE BOSWELL, personal and official capacity, KARIN HUBBS, personal and official capacity, ESQ. PAMELA JOERN, personal and official capacity,

*Defendants-Cross-Claimants-Appellees*,

OTHER UNKNOWN NAMED PERSONS, BARBARA SORKIN, personal and official capacity, ULSTER COUNTY MUNICIPALITY, via its agencies Ulster County Child Protective Services & Mental Health Dept., VALERIE LYN WACKS, ESQ., personal and official capacity, LAWRENCE R. SHELTON, ESQ., personal and official capacity, ELISABETH KRISJANIS, ESQ., personal and official capacity, JILLIAN JACKSON, ESQ., personal and official capacity,

*Defendants-Cross-Claimants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: BEN GARY TREISTMAN, *pro se*, Shady, New York.

FOR DEFENDANTS-APPELLEES: ERIC M. KURTZ, Cook, Netter, Cloonan, Kurtz & Murphy, P.C., Kingston, New York.

Appeal from a judgment of the United States District Court for the

Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

- 2 -

Plaintiff-appellant Ben Gary Treistman, *pro se*, sued Ulster County (the "County") and several of its employees under 42 U.S.C. § 1983, alleging that the Ulster County Department of Social Services ("DSS") and certain of its employees violated his First and Fourteenth Amendment rights by, *inter alia*, restricting conversation with his daughter, A.T., during supervised visits.   DSS had brought neglect proceedings against Treistman that resulted in the Ulster Country Family Court issuing an order allowing Treistman to visit with his daughter only while in the presence of another adult. Treistman also alleged that two employees of the County's Department of Mental Health ("DMH") interfered with his right to choose medical care for A.T. by calling the private therapist he had hired and directing her to cease providing duplicative therapy.

On February 16, 2017, after the parties cross-moved for summary judgment, the district court granted summary judgment to the County and the individual defendants in their official capacities, reasoning that Treistman failed to offer evidence sufficient to show that the County maintained an unconstitutional policy or practice.   It directed the parties, pursuant to Federal Rule of Civil Procedure 56(f), to brief whether the defendants in their individual capacities had qualified immunity from suit.

On November 19, 2017, after supplemental briefs were filed, the district court granted summary judgment to the remaining defendants in their individual

- 3 -

capacities based on qualified immunity, reasoning that no jury could conclude that the defendants had violated Treistman's constitutional rights in an objectively unreasonable manner.

On December 1, 2017, Treistman timely filed a notice of appeal.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Treistman argues principally that the district court erred in (1) granting summary judgment to the County and the individuals in their official capacities, and (2) granting summary judgment to the individual defendants in their individual capacities.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party."  *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013) (per curiam).  "Summary judgment is proper only when . . . 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  Under Rule 56(f), district courts have discretion to grant summary judgment *sua sponte* "[a]fter giving notice and a reasonable time to respond" and "after identifying for the parties material facts that may not be genuinely in dispute."  Fed. R. Civ. P. 56(f).

1.      **First Summary Judgment Decision**

Treistman argues that the district court erred in granting summary judgment to the County and individual defendants in their official capacities.[1] Municipalities, and individuals sued in their official capacity, are liable under § 1983 only if the challenged conduct was "pursuant to a municipal policy or custom," *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citation omitted), or caused by a "failure to train," *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). To satisfy the policy or custom requirement, a plaintiff can show that the challenged practice "was so persistent or widespread as to constitute a custom or usage with the force of law," or that the "practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (citation and internal quotation marks omitted).

The district court did not err in granting summary judgment to the County and individual defendants in their official capacities because Treistman failed to offer any evidence of a policy or custom that caused the alleged constitutional violations or that Ulster County failed to train DSS workers. Nor did he offer evidence showing that there was a history of DSS workers forbidding parents from discussing certain topics during supervised visitation. *See generally Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir.

---

1       It is not clear whether Treistman challenges the dismissal of the claims against the individual defendants in their official capacities; we nevertheless assume that he does.

2007).   His "general and conclusory allegation[s]" were not sufficient to defeat summary

judgment.   *Littlejohn*, 795 F.3d at 315.

**2.      Second Summary Judgment Decision**

Treistman argues that the district court failed to adhere to Rule 56(f) as to

the individuals in their individual capacity because it did not identify the facts that were

not genuinely in dispute.   We disagree, as the district court correctly applied Rule 56(f)

by determining that the facts summarized in its first summary judgment order, which

were relevant to the second summary judgment decision, were not in dispute.

Treistman also argues that the district court failed to consider evidence in the

supplemental briefing he submitted after the district court's initial summary judgment

ruling.   He is mistaken.   Although the district court did note that it was too late for

Treistman "to present additional evidence for issues that were already decided," it also

wrote:   "insofar as the court is able to liberally construe the *pro se* plaintiff's belated

response to defendants' statement of material facts . . . as cites to the record in support

[of] his current arguments, it has done so."   *Treistman v. Greene*, No. 12-cv-1897, 2017

WL 5201555, at *1 n.1 (N.D.N.Y. Nov. 9, 2017).

The district court properly granted summary judgment to the individual

defendants based on qualified immunity.   "Qualified immunity insulates public

officials from claims for damages where their conduct does not violate clearly

- 6 -

established statutory or constitutional rights of which a reasonable person would have known." *Defore v. Premore*, 86 F.3d 48, 50 (2d Cir. 1996) (citation and internal quotation marks omitted). "The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly established; and (3) even if the right was clearly established, whether it was objectively reasonable for the [officials] to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (citation and internal quotation marks omitted).

Treistman argues that case law clearly established his right to unrestricted communication with A.T., but this argument is meritless. As the district court recognized, parents enjoy a protected liberty interest in maintaining a relationship with their children. *See United States v. Myers*, 426 F.3d 117, 125 (2d Cir. 2005). But "[t]he constitutional privileges attached to the parent-child relationship . . . are hardly absolute." *Id.* For example, if "there is an objectively reasonable basis for believing that parental custody constitutes a threat to the child's health or safety, government officials may remove a child from his or her parents' custody at least pending investigation." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996). The injury complained of here -- that Treistman was restricted from discussing certain issues with A.T. during supervised visitation because those issues emotionally distressed her -- is

not nearly as serious as removing a child from custody. Given that government officials may *remove* a child when they believe his or her health or safety requires it, the DSS defendants did not violate a clearly established right by advising Treistman to avoid causing emotional distress to his daughter, a far less severe intrusion. *See generally Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Thus, because there was no clearly established right to a parent's unrestricted communication in the circumstances here -- where the child was diagnosed with a developmental disorder, a neglect petition was filed against Treistman, and the family court entered a temporary restraining order against him -- the district court properly found that Whittaker, Greene, Woltman, Boswell, and Hubbs had qualified immunity from suit.

Treistman also argues that there is an established right for a parent to place his child in privately provided therapy without interference from government officials, where a child was already receiving therapy from the officials. Although parents have a right to determine the medical care their children receive and the government's interference in that right can violate due process, *see van Emrik v. Chemung Cty. Dep't of Soc. Servs.*, 911 F.2d 863, 867 (2d Cir. 1990), we have not yet addressed whether a government official's direction to a medical provider to cease providing therapy treatment duplicative of services a child is already receiving violates due process. Although "an officer might lose qualified immunity even if there is no reported case

directly on point[,] . . . the unlawfulness of the officer's conduct must be apparent."

*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017) (internal quotation marks omitted). Any unlawfulness here was not apparent. There was, therefore, no clearly established right that was violated, and the district court correctly granted summary judgment to Schneider and Bennett. *See Anderson*, 483 U.S. at 640.

We have considered all of Treistman's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court